HOOVER GRAIN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12574.   Promulgated December 18, 1928.

*George E. Wallace, Esq.,* and *J. Ernest McLaughlin, C. P. A.,* for the petitioner.

*Arthur H. Murray, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioner contends that it should be allowed a deduction for the fiscal year ended May 31, 1922, in the amount of $50,000 as a reserve for bad debts. Section 234(a) (5) of the Revenue Act of 1921 provides:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

    *       *       *       *       *       *

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The statute provides for a deduction of a " reasonable addition " to a reserve for bad debts as an alternative to a deduction for debts ascertained to be worthless and charged off during the taxable year. In no event is a deduction to be allowed on account of bad debts in an amount greater than properly belongs to the taxable period.

The petitioner seeks to establish the reasonableness of the reserve contended for by showing the balance appearing on certain of its accounts receivable, and by showing that it was subject to a contingent liability to holders of warehouse receipts for wheat purchased by petitioner from the bailee. The accounts receivable, set forth in our findings of fact, were open, running accounts, all of which carried over balances from previous years and most of which continued during succeeding years. As security for each account petitioner held a mortgage on the elevator and a note signed by others than the obligor as surety. During subsequent years foreclosure proceedings were instituted on some of the mortgages; but there is no showing that a loss ever resulted to petitioner.

There is nothing in the record to show the extent, if any, to which petitioner became liable to bailors of wheat received by it from elevator operators. It is purely a contingent liability and, under the facts of this case, is not a basis for a bad debt reserve. There is no evidence with respect to its experience as to losses over a period of years; to its gross sales; to its total accounts and notes receivable; or to the percentage of gross profit to net profit. The petitioner has failed to establish that there were any specific debts ascertained to be worthless and charged off during the taxable year.

The record offers no basis upon which we can determine the reasonableness or the amount, if any, of petitioner's net addition during the year to its reserve for bad debts. We do not think such reserve was determined in the manner contemplated by section 234(a) (5) of the Revenue Act of 1921. *Erie Dyeing & Processing Co.*, 12 B. T. A. 393; *Moline Dispatch Publishing Co.*, 11 B. T. A. 934; *J. Gordon Hill*, 11 B. T. A. 910; *Atlantic Bank & Trust Co.*, 10 B. T. A. 796.

*Decision will be entered for the respondent.*